**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

MEC, INC. D/B/A THE PONY                                                               PLAINTIFF

VS.                                                            CIVIL ACTION NO: 1:15CV50-SA-DAS

LOWNDES COUNTY BOARD OF SUPERVISORS;
LOWNDES COUNTY CHANCERY CLERK;
LOWNDES COUNTY; AND JOHN DOES 1-10                                      DEFENDANTS

## ORDER

This matter is before the court on defendants' motion (#26) and seeks an order striking plaintiff's expert designation. Specifically, defendants argue Kevin Francis should be barred from offering expert testimony because he never submitted an expert report. Having considered the motion, the court finds as follows:

The Federal Rules of Civil Procedure provide that "if the witness is one retained or specifically employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony," then the expert must provide a written report. Fed. R. Civ. P. 26 (a)(2)(B). The written report "must be prepared and signed by the witness" and "must contain:

(i)   a complete statement of all opinions the witness will express and the basis and reasons for them;
(ii)  the facts or data considered by the witness in forming them;
(iii) any exhibits that will be used to summarize or support them;
(iv)  the witness's qualifications, including a list of all publications authored in the previous 10 years;
(v)   a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
(vi)  a statement of the compensation to be paid for the stud and testimony in the case."

*Id.* Furthermore, "[a] party must make these disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). In this district, the deadline for designating experts is

governed by the case management order. L.U. Civ. R. 26(a)(2). Accordingly, plaintiff's expert designations were due no later than December 3rd, 2015. Doc. 21.

On December 2nd, 2015, plaintiff timely designated Francis as an expert witness in this action. The designation provides:

> Kevin Francis has been retained as an expert by the Plaintiff in those fields reflected by his curriculum vitae and accounting. He is expected to testify about the losses sustained by MEC, Inc. as a result of the defendant's actions. Kevin Francis's Curriculum Vitae is attached hereto as Exhibit "A"…Kevin Francis is expected to give his opinion based upon his education, training, and experience in the field of business administration.

Doc. 26, p. 128. This designation, however, is clearly deficient under Federal Rule of Civil Procedure 26(a)(2)(B). It fails to summarize any of the facts and opinions to which Francis is expected to testify, such as quantifying the losses suffered by MEC, Inc. and referencing the data from which his opinion is derived. Moreover, plaintiff's designation does not to comply with the formal requirements of Rule 26: it must include a report written and signed by the expert witness.

Nevertheless, in its response to defendants' motion to strike (#30), plaintiff describes Francis as its personal accountant. Though not emphasized in plaintiff's response, this fact is crucial. As plaintiff's personal accountant, it is plausible that Francis has not been retained or specially employed to provide expert testimony in this matter. In fact, if his testimony is based on personal knowledge of plaintiff's accounts, including the resulting loss of revenue since plaintiff was required to start closing at 1:00 A.M., his role might be analogous to that of treating physicians,[1] who generally are not subject to the written report requirement. L.U. Civ. R.

---

[1] The supplemental written report (#31) indicates that Francis is charging a specific fee for trial preparation, depositions and trial testimony. This could support a finding that Francis was retained or specially employed to offer expert testimony. However, it is not dispositive because even non-retained experts are entitled to a reasonable fee for their services. *See Duke v. Performance Food Group, Inc.*, 2014 WL 370442, at *6 (N.D. Miss. Feb. 3,

26(a)(2)(D). Notably, the treating physician exception has recently been extended to include non-physician expert witnesses:

> A party must designate physicians and other witnesses who are not retained or specially employed to provide expert testimony but are expected to be called to offer expert opinions at trial. No written report is required from such witnesses, but the party must disclose the subject matter on which the witness is expected to present evidence under Fed. R. Evid. 702, 703 or 705, and a summary of the facts and opinions to which the witness is expected to testify…

*Id*. However, whether or not Francis is an expert who must submit a written report is a moot point. Plaintiff's expert designation is deficient even under the more lenient standard because it does not provide a summary of the facts and opinions to which Francis is expected to testify.

As a final point, plaintiff filed a supplemental expert witness written report (#31) to cure the deficiencies in its original expert designation. The supplemental report was filed on February 1st, 2016, nearly two months after the expert designation deadline had expired. When considering whether to exclude untimely expert designations, courts in this circuit are instructed to consider four factors: (1) the explanation for the failure to submit the expert report; (2) the importance of the report; (3) the potential prejudice in allowing the report; and (4) the availability of a continuance to cure such prejudice. *Versai Mgmt. Corp. v. Clarendon Am. Ins. Co.*, 597 F.3d 729, 740 (5th Cir. 2010). None of these factors were addressed by plaintiff. As a result, the court finds that the defendants' motion is well taken and should be granted.

IT IS, THEREFORE, ORDERED that plaintiff's expert designation is hereby stricken, and Kevin Francis is barred from presenting expert testimony at trial.

SO ORDERED this, the 4th day of February, 2016.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE

---

2014) (finding that a treating physician was entitled to a reasonable fee for serving as a witness, even though neither the plaintiff nor the physician established a relationship for the purpose of procuring expert testimony).